# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MAX REED, II,

    Petitioner

v.

JO GENTRY, et al.,

    Respondents

Case No.: 2:17-cv-00648-RFB-PAL

**ORDER**

28 U.S.C. § 2254 habeas corpus petitioner Max Reed, II has filed two motions to withdraw counsel that are essentially the same (ECF Nos. 63 and 68). Reed previously filed a motion for appointment of counsel in October 2018, which this court granted and appointed the Federal Public Defender (FPD) (ECF Nos. 15, 55). The FPD has been in the process of preparing an amended petition (*see* ECF Nos. 71, 74, 76).

Reed now states that he and his counsel have irreconcilable differences (ECF Nos. 63, 64, 65, 68, 69, 70).[1] He asserts that the differences relate to his actual innocence

---

[1] In two separate instances, Reed filed one document that purports to be a motion to withdraw counsel, motion to appoint investigator, and motion for relief/status check. The first has been docketed as three motions at ECF Nos. 63, 64, and 65. The second has been docketed as three motions at ECF Nos. 68, 69, and 70.

claim, procedural bar, grounds to be raised, investigative decisions, and his involvement in his case.

Reed's counsel takes no position on Reed's motion (*see* ECF Nos. 71, 74). Counsel notes that they have reviewed the case file, visited the evidence vault maintained at the Washoe County Courthouse, contacted prior counsel, and ordered additional files, including several hours of audio recordings, which have since arrived (ECF No. 74, pp. 2-3). They additionally met with Reed for four hours on July 26, 2019, at Southern Desert Correctional Center, and have spoken with him over the phone approximately ten times. *Id.*

The court notes that there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).  And even in the context of an appeal as of right, an indigent petitioner has no constitutional right that counsel raise even every nonfrivolous issue.  *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *see also Smith v. Robbins*, 528 U.S. 259 (2000). In fact, the role of advocate requires that counsel evaluate claims and issues and select the strongest claims to press, in order that they not be lost among weaker, if colorable, claims.  *Jones*, 463 U.S. at 751. This court is also mindful of the goals of the efficient and just resolution of Reed's federal habeas matter. The court is not persuaded that the FPD should withdraw from this case at this time.  Thus, Reed's motion to withdraw counsel is denied.

He also moves for appointment of an investigator (ECF No. 69).  However, as the court has denied the motion to withdraw and any investigation falls within the purview of Reed's counsel, the motion is denied.  The court further notes that under the Antiterrorism

and Effective Death Penalty Act (AEDPA), this court's review of claims is limited to the record as presented in state court, unless Reed can meet the statutory exception for conducting an evidentiary hearing. *See, Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011); 28 U.S.C. §2254(e)(2). Finally, Reed moves for various relief, including that NDOC personnel allow him access to evidence in a particular format and to print out certain documents. These are also issues/matters for counsel; the motion for relief is denied.

**IT IS THEREFORE ORDERED** that the following motions filed by petitioner: two motions to withdraw counsel (ECF Nos. 63 and 68); two motions for appointment of investigators (ECF Nos. 64 and 69); and motion for relief (ECF No. 65) are all **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for transportation and motion for status check (ECF Nos. 66 and 70) are both **DENIED** as moot.

**IT IS FURTHER ORDERED** that respondents' motion to strike (ECF No. 67) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner shall have **45 days** from the date of this order to FILE AND SERVE on respondents an amended petition, if any, for writ of habeas corpus, which shall include all known grounds for relief (both exhausted and unexhausted).

**IT IS FURTHER ORDERED** that respondents shall have **45 days** after service of an amended petition within which to answer, or otherwise respond to, the amended petition. If petitioner does not file an amended petition, respondents shall have 45 days from the date on which the amended petition is due within which to answer, or otherwise respond to, petitioner's amended petition.

**IT IS FURTHER ORDERED** that the scheduling order dated April 2, 2019 (ECF No. 57) otherwise remains in effect.

Dated: April 15, 2020

_____
RICHARD F. BOULWARE, II
U.S. DISTRICT JUDGE