UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX REED, II,<br><br>Petitioner<br><br>v.<br><br>JO GENTRY, et al.,<br><br>Respondents | Case No.: 2:17-cv-00648-RFB-NJK<br><br>**Order Granting Motion to Reopen Case, Directing Response to Motion to Withdraw Counsel Filed *In Camera* and Under Seal, and Denying Motion for Extension of Time**<br><br>(ECF Nos. 88, 95) |

In June 2020, the Court granted a stay and administratively closed Max Reed, II's 28 U.S.C. § 2254 habeas corpus action because the Federal Public Defender ("FPD") was unable to conduct the necessary investigation into Reed's case due to restrictions and safety protocols in effect at that time because of the COVID-19 pandemic. ECF No. 79. Reed, through the FPD, has now returned to this Court seeking to reopen this case. ECF No. 88. The FPD has filed a second-amended petition and seeks a scheduling order for the subsequent briefing. Respondents indicate that they do not oppose the motion. ECF No. 93. Good cause appearing, the motion is granted, and this action is reopened.

Reed has also filed a pro se motion to withdraw counsel/request for a status hearing. ECF Nos. 91, 92. Reed asserts that the FPD has violated his First and Fourteenth Amendment rights

by filing a second-amended petition that is not based on the facts of his case. The FPD has filed a 76-page amended petition that sets forth 17 grounds for relief. The FPD has not responded to Reed's motions by indicating that an irreconcilable conflict exists between counsel and petitioner or responded to the order in any manner. In an abundance of caution, the Court directs the FPD to file a response to petitioner's two motions *in camera* and under seal.

Finally, Reed has also filed a motion for extension of time to file a response to motion. ECF No. 95. But no motion that requires a response from Reed is pending. So the Court denies the motion. And, as discussed above, Reed currently is represented by counsel and should not file documents pro se.

IT IS THEREFORE ORDERED that petitioner's motion to reopen this action **(ECF No. 88) is GRANTED**.

IT IS FURTHER ORDERED that, as the stay is lifted by this order, the Clerk is directed to REOPEN THE FILE in this action.

IT IS FURTHER ORDERED that respondents file a response to the second-amended petition (ECF No. 89), including potentially by motion to dismiss, within **90 days** of the date of this order, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed should comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents should not file a

response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that petitioner has **45 days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

IT IS FURTHER ORDERED that any additional state court record exhibits filed herein by either petitioner or respondents be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further should be identified by the number of the exhibit in the attachment. Each exhibit must be a separate attachment.

IT IS FURTHER ORDERED that, at this time, the parties send courtesy copies of **any responsive pleading or motion and INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies are to be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV,

89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. No further courtesy copies are required unless and until requested by the court.

IT IS FURTHER ORDERED that the **FPD file a response to petitioner's motion to withdraw counsel (ECF No. 91) and motion for status check (ECF No. 92)** *in camera* **and under seal within 30 days** of the date of this order.

IT IS FURTHER ORDERED that petitioner's motion for extension of time **(ECF No. 95) is DENIED**.

Dated: April 24, 2024

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**