UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MAX REED, II,<br><br>    Petitioner<br><br>v.<br><br>JEREMY BEAN,[1] *et al.*,<br><br>    Respondents | Case No. 2:17-cv-00648-RFB-NJK<br><br>Order Denying Motions to Withdraw Counsel/Request for Status Hearing and Granting Extension to File Opposition to Motion to Dismiss<br><br>(ECF Nos. 91, 92, 102) |

28 U.S.C. § 2254 habeas corpus petitioner Max Reed, II, who is represented by the Federal Public Defender ("FPD"), has filed a third *pro se* motion to withdraw counsel/request for a status hearing. (Docketed as two motions at ECF Nos. 91, 92.) Reed previously filed a motion for appointment of counsel in October 2018; this Court granted the motion and appointed the FPD. ECF Nos. 15, 55. The FPD has filed a 76-page second amended petition that sets forth 17 grounds for relief. ECF No. 89. Reed now asserts that the FPD has violated his First and

---

[1] According to the state corrections department's inmate locator page, Reed is incarcerated at High Desert State Prison. The department's website reflects Jeremy Bean is the warden for that facility and thus the proper respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. https://ofdsearch.doc.nv.gov/form.php.

Fourteenth Amendment rights by filing a second amended petition that is not based on the facts of his case.

Pursuant to this Court's order, the FPD filed a response to petitioner's motions *in camera* and under seal. See ECF No. 97. Counsel, mindful of her duties of confidentiality and privilege to Reed, provided general information about her representation. She described careful consideration of, and investigation into, all potential claims, as well as several meetings by video between counsel, Reed, and the FPD investigator. Counsel states that nothing up to present has negatively affected her ability to represent Reed and that she will continue to assess the attorney-client relationship going forward.

The court notes that there is no constitutional right to appointed counsel for a federal habeas corpus proceeding. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993). And even in the context of an appeal as of right, an indigent petitioner has no constitutional right that counsel raise even every nonfrivolous issue. Jones v. Barnes, 463 U.S. 745, 751 (1983); see also Smith v. Robbins, 528 U.S. 259 (2000). In fact, the role of advocate requires that counsel evaluate claims and issues and select the strongest claims to press, in order that they not be lost among weaker, if colorable, claims. Jones, 463 U.S. at 751. This Court is also mindful of the goals of the efficient and just resolution of Reed's federal habeas matter. The Court remains unpersuaded that the FPD should withdraw from this case. Thus, Reed's motion to withdraw counsel/request for status hearing is denied.

It is therefore ordered that petitioner's motion to withdraw counsel/request for status hearing (ECF Nos. 91, 92) are both **denied**.

It is further ordered that petitioner's unopposed motion for extension of time to file an opposition to respondents' motion to dismiss (ECF No. 102) is **granted**. **The deadline is extended to 60 days from the date of this order.**

DATED: 27 September 2024.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

3