**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

MAX REED, II,

Petitioner,

v.

JO GENTRY, *et al.*,

Respondents.

Case No. 2:17-cv-00648-RFB-NJK

**ORDER SETTING BRIEFING SCHEDULE**

This habeas matter is before the Court on Petitioner Max Reed, II's notice that he does not intend to file a motion to stay. See ECF No. 126. By way of background, Respondents filed a motion to dismiss Mr. Reed's Second Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C § 2254. See ECF Nos. 98, 101. The Court found that Mr. Reed is entitled to equitable tolling of the federal statute of limitations up to the time he filed his first amended petition; subsequently, the Court denied Respondents' Motion to Dismiss, and Mr. Reed's Motion for Evidentiary Hearing, without prejudice. See ECF No. 125. In doing so, the Court found that Claim 1 was unexhausted and granted Mr. Reed the opportunity to file a motion for stay. The Court noted that if Mr. Reed did not file a motion to stay, or if the Court denied a motion to stay, Respondents would be able to file a renewed motion to dismiss. Since, Mr. Reed has advised the Court that he does not intend to seek a stay of this matter. See ECF No. 126.

Based on the foregoing, **IT IS HEREBY ORDERED** Respondents must file a response to the second amended petition on or before **August 26, 2026**. Petitioner may file a reply on or before **September 25, 2026**. With that being said, Local Rule LR 7-2(b) shall govern the briefing schedules for any motion(s) filed by either party, including motions filed in lieu of a pleading.

**IT IS FURTHER ORDERED** that any procedural defenses Respondents raise to the

counseled amended petition must be raised together in a single consolidated motion to dismiss. Successive motions to dismiss will not be entertained, and any procedural defenses omitted from the consolidated motion to dismiss will be deemed waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits. But arguments that an unexhausted claim clearly lacks merit may be included in a procedural-defense response. If Respondents seek dismissal of unexhausted claims under 28 U.S.C. § 2254(b)(2), they must: (1) do so in a single motion to dismiss, not in the answer, and (2) specifically direct their argument to the standard for dismissal under § 2254(b)(2), as set forth in Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, may be included in an answer to the merits of Mr. Reed's Petition. All procedural defenses, including exhaustion, must be raised in a single motion to dismiss.

**IT IS FURTHER ORDERED** that in any answer filed on the merits, Respondents must specifically cite to, and address, the applicable state court written decision(s), and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** Respondents must file the state court exhibits relevant to their response in chronological order.

**IT IS FURTHER ORDERED** that all state court records, and related exhibits, must be filed in accordance with LR IA 10-3 and LR IC 2-2; they must include a separate index identifying each exhibit by number or letter. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (*e.g.*, ECF No. 10). Each exhibit must then be filed as an "attachment" to the base document to receive a sequenced sub-docket number (*e.g.*, Exhibit A (ECF No. 10-1); Exhibit B (ECF No. 10-2); Exhibit C (ECF No. 10-3), and so forth). If the exhibits will span more than one filing, the base document in each successive filing must be either a copy of the index or a volume cover page. See LR IC 2-2(a)(3)(A).

///

///

///

///

**IT IS FURTHER ORDERED** that, notwithstanding LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to staff attorneys, unless the Court orders otherwise.

**DATED:** July 27, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**